**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RIVIANA FOODS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOLDEN STAR TRADING, INC., ) <br> ) <br> Defendant. ) | CASE NO. 4:19-cv-01994 <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

Golden Star Trading, Inc. ("Golden Star"), a competitor of Riviana Foods Inc. ("Riviana"), markets a packaged rice product labeled Thai Hom Mali Rice and features the Thai Certification Mark for THAI HOM MALI RICE, which certifies that the product meets the strict standards set forth by Thailand's Department of Foreign Trade for being labeled Thai Hom Mali Rice. However, Golden Star's Thai Hom Mali Rice product does not meet the necessary purity standards for Thai Hom Mali Rice, nor does it satisfy the strict requirements for bearing the Thai Certification Mark. In short, despite Golden Star's false labeling and misrepresentations, the truth is that Golden Star's products are not Thai Hom Mali Rice.

Riviana also markets and sells a packaged rice product labeled Thai Hom Mali Rice in the United States. Unlike Golden Star's products, however, Riviana's Thai Hom Mali Rice is, in fact, Thai Hom Mali Rice, because Riviana's products meet the high purity standards and strict packaging requirements necessary for Thai certification as Thai Hom Mali Rice. By misrepresenting their inferior product as Thai Hom Mali Rice, Golden Star is able to undercut

1

Riviana's prices and unfairly compete, all based on a fraud against the consumer and the market. As a result, Riviana brings this suit and respectfully shows the Court as follows:

## PARTIES

1. Plaintiff Riviana Foods Inc. is a Delaware corporation headquartered and doing business in Texas.

2. Defendant Golden Star Trading, Inc. is a California corporation with its principal place of business at 1483 W. Via Plata St., Long Beach, California 90810. Golden Star may be served by serving its agent for service of process, Christina Wong, at 1483 W. Via Plata St., Long Beach, California 90810, or wherever she may be found.

## JURISDICTION AND VENUE

3. This action arises under the unfair competition laws of the United States of America, Title 15 of the United States Code. This Court has jurisdiction over this case pursuant to Title 15 of the United States Code, and Title 28 of the United States Code, particularly 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331.

4. This Court has supplemental jurisdiction over the state common law claims in this Complaint pursuant to 28 U.S.C. § 1367(a).

5. This Court has jurisdiction over this case through the separate and independent ground of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs.

6. The Court has personal jurisdiction over Golden Star because it markets and sells its products in the State of Texas, has continuous and systematic contacts with the State of Texas,

regularly conducts business in the State of Texas, and has purposefully availed itself of the privilege of doing business in the State of Texas.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b). More specifically, a substantial part of the events or omissions giving rise to the claims occurred in this District, including but not limited to Golden Star's commission of the acts of infringement out of which this case arises.

## SUMMARY OF ACTION

8. Golden Star is marketing and selling mislabeled, misbranded, and adulterated products that are harmful to Riviana, as a competitor, and consumers in general. Specifically, Golden Star markets and sells products it calls Thai Hom Mali Rice that are simply **not** the quality or variety of rice that the Thai Hom Mali Rice designation (and certification) requires.

9. Golden Star's 28-ounce bag of Brown Jasmine Thai Hom Mali Rice proudly displays the official Thai Certification Mark for THAI HOM MALI RICE (the green circle and rice design seen to the lower right, below).



10. A single 5-pound bag of Golden Star's "Prime Grade" Thai Hom Mali Rice bears the Thai Certification Mark for THAI HOM MALI, uses the term "Thai Hom Mali Rice" at least

3

four times, and purports to be "Prime Grade" Thai Hom Mali Rice when it is not, in fact, Thai Hom Mali Rice, and when it often contains no Thai Hom Mali Rice at all.



11. All of these labels (and others) are intentionally false, deceptive, and misleading. Golden Star's Thai Hom Mali Rice products are not Thai Hom Mali Rice, because they do not meet the strict standards applied to Thai Hom Mali Rice. Golden Star has used deceptive labeling to confuse and mislead the consumer regarding the content and quality of its products. In contrast, all Thai Hom Mali Rice sold by Riviana meets the strict purity and other standards imposed on Thai Hom Mali Rice and contains the expensive, high quality rice that the name and certification requires, and that the customer expects. Simply, Riviana's Thai Hom Mali Rice is, in fact, Thai Hom Mali Rice. Golden Star's is not.

12. Golden Star's deceptive tactics do harm to Riviana by gaining an unfair competitive advantage from selling its inferior products disguised as premium Thai Hom Mali Rice at a cheaper price. This false advertising and unfair competition impacts sales of every variety of Riviana's rice products, as consumers purchase Golden Star's fake, and low-cost, "premium" products to replace both more expensive and less expensive varieties. Consequently, Riviana seeks recovery of the damage caused by Golden Star's deception, disgorgement of profits earned as a result of

4

Golden Star's deceptive practices, and injunctive relief prohibiting further harmful and deceptive acts by Golden Star.

## FACTUAL BACKGROUND

13. This case arises from Golden Star's false, misleading, and deceptive labeling and marketing of its Thai Hom Mali Rice products, which Golden Star falsely represents as "Prime Grade Thai Hom Mali Rice" and which Golden Star falsely claims meets the requisite Thai standards for certified Thai Hom Mali Rice. Golden Star's products are mislabeled, misbranded, adulterated, and intentionally false.

14. Golden Star's Thai Hom Mali Rice products are not Thai Hom Mali rice, do not meet the requisite standards for bearing the Thai Certification Mark for THAI HOM MALI rice and are not a premium product which "Prime Grade" infers. To the contrary, Golden Star's Thai Hom Mali Rice products are made up of inferior quality rice, and some do not contain any Thai Hom Mali Rice at all, despite Golden Star's deceptive packaging, labeling, and marketing. To wit, DNA testing proves that Golden Star's Thai Hom Mali Rice products are primarily comprised of lower cost and quality varieties of rice, and at most, a tiny percentage of actual Thai Hom Mali rice, and that Golden Star's products do not satisfy the strict purity and packing standards for being labeled Thai Hom Mali Rice or for bearing the Thai Certification Mark for THAI HOM MALI RICE.

**A. Thai Hom Mali Rice is both superior in quality to, and significantly more expensive than, other rice.**

15. Thai Hom Mali Rice is among the most valuable and expensive rice varieties in the world, typically selling for more than twice the price of other rice varieties, including similar products grown in Vietnam and elsewhere. The price premium on Thai Hom Mali Rice is attributable to its unique aroma and flavor, its superior quality, and its limited supply. In particular,

5

Thai Hom Mali Rice is known for its origin—Thailand—as well as its long, slender shape, white color, soft texture, starchy taste, and distinct Jasmine aroma.

16. Thai Hom Mali Rice is highly desirable throughout the world, but the largest importer of Thai Hom Mali Rice from Thailand is the United States, which historically accounts for more than one fourth of all Thai Hom Mali Rice exports from Thailand. Further, studies have shown that the significant continued (over very many years now) growth of the sales of Thai Hom Mali show that American consumers prefer Thai Hom Mali Rice to other lesser-quality varieties, and that American consumers are willing to pay a substantial premium for Thai Hom Mali Rice—often more than double the price than other rice varieties.

17. Because Thai Hom Mali Rice is so valuable to the consumer, and supply is so limited, it is also more expensive for producers like Riviana and Golden Star to procure. The bulk cost of Thai Hom Mali Rice is higher, as are the costs associated with its packaging, export, and the testing and other measures associated with certifying its quality. For these reasons, an unscrupulous producer, like Golden Star in this case, gains a substantial advantage in the market by labeling inferior and less expensive rice with a false Thai Certification Mark for THAI HOM MALI RICE, or by using the false name Thai Hom Mali Rice to brand a product that is not, in fact, Thai Hom Mali Rice. That is exactly what Golden Star is doing.

  **B.**  **The superior quality and high price of Thai Hom Mali Rice is protected by strict standards and requirements.**

18. Because Thai Hom Mali Rice is so highly valued, the superior quality of Thai Hom Mali Rice is protected by strict standards and requirements, which must be adhered to in order for any rice to be properly labeled Thai Hom Mali Rice and even further requirements for any authentic Thai Hom Mali Rice to bear the Thai Department of Foreign Trade certification.

19.     Among the standards for Thai Hom Mali Rice is the requirement that, to be considered Thai Hom Mali Rice, a product must "contain[] not less than 92% [] Thai Hom Mali rice." Nonetheless, despite the fact that Golden Star calls its products Thai Hom Mali Rice, and even labels it with the Thai Certification Mark for THAI HOM MALI RICE, Golden Star's products do not meet even this most basic requirement for purity.

20.     Further, to bear the Certification Mark for THAI HOM MALI RICE, a product must not only contain at least 92% Thai Hom Mali Rice, which Golden Star's products do not, it must also be packed in Thailand. Golden Star's products bear the Certification Mark, but often do not display the Thai packer codes required by Thai regulations for traceability and control over the certified products. That means at least some of Golden Star's products which are labeled as certified by the Thai government were also not packed in Thailand, as required.

**C.      Golden Star's products are not Thai Hom Mali Rice, Golden Star's products are not properly certified, and Golden Star's products cannot be labeled, marketed, and sold as such.**

21.     Golden Star's products purport to be superior quality and even "Prime Grade" Thai Hom Mali Rice. Golden Star's products are labeled and marketed with the official Certification Mark for THAI HOM MALI RICE, but Golden Star's products are not Thai Hom Mali Rice. They do not meet the standards for Thai Hom Mali Rice, and they are prohibited from bearing the Certification Mark for THAI HOM MALI RICE.

22.     Between May 13, 2019 and May 17, 2019, samples of Golden Star's purported Thai Hom Mali rice were tested by Kasetsart University's DNA Technology Laboratory, an independent laboratory located in Thailand. The results were disturbing: Golden Star's Thai Hom Mali rice was not, in fact, Thai Hom Mali Rice.

23.     The very most compliant sample tested in 2019 contained 20% Thai Hom Mali rice, far below the 92% required by the Thai Department of Foreign Trade's certification regulations.

7

But the remaining samples were far worse. One additional sample had a mere 5% Thai Hom Mali rice, and a third sample had just 1%. Even more alarming, two of the Golden Star samples tested had **<u>0% Thai Hom Mali Rice</u>**. This is not an accident; this is fraud. Instead of using true Thai Hom Mali Rice, Golden Star replaces it both with lesser-quality fragrant rice varieties and with lesser-quality, non-fragrant rice varieties that are much cheaper for Golden Star to acquire. Despite containing as little as 0% actual Thai Hom Mali Rice (and never more than 20%), all of these Golden Star products falsely proclaimed that they were Thai Hom Mali Rice.

24. Moreover, all but one of the samples tested were missing the Thai exporter code that is mandatory under the Thai Department of Foreign Trade's regulations. Without these codes, the Thai exporter cannot be determined and therefore the origin of the Thai Hom Mali Rice cannot be confirmed. Rice products that are not packaged in Thailand, even if they meet the 92% Thai Hom Mali varietal requirement, are not certifiable. However, all of the Golden Star products misleadingly display the Thai Certification Mark. The missing codes reinforce Golden Star's purposeful deceit.

### D. Riviana's products comply with all standards, and are undercut by Golden Star's inferior, misleading, and deceptive product.

25. Riviana goes to great effort and expense to ensure that all of its products comply with all necessary certification and other requirements—that they are what Riviana says they are. Golden Star does not do so, which allows Golden Star to falsely market and sell its inferior products at a reduced price to an unknowing and intentionally misled public. Golden Star does so throughout the United States, including Texas, where high quality Thai Hom Mali Rice is extremely popular.

26. Purchasers of Golden Star's Thai Hom Mali Rice products are likely to be misled and deceived by Golden Star's product labeling, marketing, and advertising, all of which represent that Golden Star's products are Thai Hom Mali Rice, when the products clearly are not.

27. Riviana's testing establishes that Golden Star's products have been persistently noncompliant: Golden Star's products labeled as Thai Hom Mali and bearing the Thai Certification Mark have, in multiple instances, contained **no** actual Thai Hom Mali Rice. Nonetheless, by designating the products Thai Hom Mali Rice, by literally covering the package with the term Thai Hom Mali Rice, and by stamping the package with the official Certification Mark for THAI HOM MALI RICE, Golden Star has been thorough and intentional in its deception.

28. Golden Star's false and misleading marketing, labeling, and advertising of its Thai Hom Mali Rice products are damaging to Riviana's business interests, reputation, and goodwill and harmful to the consumer, as well. Golden Star's representations harm Riviana and the consumer because they are designed to do so. Specifically, Golden Star's representations are designed to deceive the consumer into purchasing its products over Riviana's, based on the false impression that the products are of equal (or even superior "Prime Grade") quality. They are not.

29. By producing demonstrably inferior products but labeling them as premium products, Golden Star is able to undercut Riviana's pricing and availability to the consumer. In this way, everyone but Golden Star loses: Riviana sells less rice or is forced to lower its prices (which it has been forced to do despite the fact that it actually is selling a premium product) and consumers are duped into buying Golden Star's inferior, mislabeled rice.

30. The natural, probable, and foreseeable result of Golden Star's wrongful conduct has been to deceive the consumer and to cause confusion and mistake in the marketplace, while depriving Riviana of business and goodwill and injuring Riviana's relationships with its existing

and prospective customers and suppliers. At the same time, Golden Star's wrongful conduct has also resulted in increased sales of Golden Star's deceptive Thai Hom Mali Rice products, hindering the sales of all of Riviana's rice varieties and injuring Riviana's goodwill. Riviana has sustained and will continue to sustain damages as a result of Golden Star's wrongful conduct.

## CAUSES OF ACTION

### I.  False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

31. Riviana incorporates the foregoing paragraphs as though fully set forth herein.

32. Golden Star has made and distributed, in interstate commerce and in this District, advertisements, representations, and product labels that contain false and misleading statements of fact regarding its products. These advertisements, representations, and product labels contain actual misstatements and/or misleading statements and failures to disclose, including, among other things, the statement that Golden Star's Thai Hom Mali Rice products are certified Thai Hom Mali Rice.

33. Golden Star's false statements and representations actually deceive, or have a tendency to deceive, consumers, including a substantial segment of Riviana's customers and potential customers. Golden Star's deception is material, because it is likely to influence the purchasing decisions and behavior of Riviana's customers and potential customers.

34. Golden Star's false, misleading, and deceptive advertising statements and omissions are harmful and have caused injury to both Riviana and consumers.

35. Golden Star has caused, and will continue to cause, immediate and irreparable injury to Riviana, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Consequently, Riviana is entitled to an injunction under 15 U.S.C. § 1116 restraining Golden Star, its agents, employees, representatives, and all persons acting on behalf of

or in concert with them from engaging in further acts of false advertising, and ordering removal and recall of all of Golden Star's false representations and advertisements.

36. Pursuant to 15 U.S.C. § 1117, Riviana is also entitled to recover from Golden Star all damages sustained by Riviana as a result of Golden Star's violation of Lanham Act § 43(a).

37. Riviana is further entitled to recover from Golden Star all gains, profits, and advantages Golden Star has obtained as a result of its wrongful actions.

38. Finally, pursuant to 15 U.S.C. § 1117, Riviana is entitled to recover all costs incurred in this action. Additionally, because Golden Star's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and Riviana is entitled to recover additional damages, exemplary damages, and reasonable attorneys' fees.

## II. Common Law Fraud

39. Riviana incorporates the foregoing paragraphs as though fully set forth herein.

40. Golden Star made a series of false, material representations to Riviana regarding the quality and purity of its Thai Hom Mali Rice products.

41. When Golden Star made these false representations it knew these representations were false and/or it made such representations recklessly, as positive assertions, without knowledge of their truth.

42. Golden Star made the false representations to Riviana with the intent that Riviana would act on them.

43. Riviana did, in fact, rely on Golden Star's representations.

44. Golden Star's fraud caused Riviana damage.

### III.     Unfair Competition (Federal)

45. Riviana incorporates the foregoing paragraphs as though fully set forth herein.

46. Golden Star has improperly and inappropriately used the name Thai Hom Mali Rice and the Thai Certification Mark for THAI HOM MALI RICE for the purpose of deceiving consumers and doing harm to Riviana.  Golden Star's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Golden Star's products with actual Thai Hom Mali Rice, and/or officially certified Thai Hom Mali Rice, or as to the quality, purity, origin, sponsorship, or approval of Golden Star's goods, services, or commercial activities.

47. Golden Star's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

48. As a direct and proximate result of Golden Star's conduct, Riviana has suffered damages.

49. Further, Riviana is also entitled to injunctive relief prohibiting Golden Star from continuing its false, misleading, and deceptive practices and ordering it to recall and/or otherwise eliminate all existing uses of its deceptive labeling, because Riviana has suffered and will continue to suffer irreparable harm as a direct and proximate result of Golden Star's conduct.  Unless enjoined, Golden Star's wrongful conduct will continue to cause Riviana irreparable harm, loss, and injury for which Riviana has no adequate remedy at law.

50. Finally, in view of the willful and intentional nature of Golden Star's conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling Riviana to an award of reasonable attorneys' fees.

### IV. Unfair Competition (Texas)

51. Riviana incorporates the foregoing paragraphs as though fully set forth herein.

52. Golden Star's continued improper, misleading, and deceptive use of the name Thai Hom Mali Rice and the Thai Certification Mark for THAI HOM MALI RICE has caused and will continue to cause confusion, mistake, and deception in the market place regarding the quality, purity, and relative price of Golden Star's products. Golden Star's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Golden Star's products with actual Thai Hom Mali Rice, and/or officially certified Thai Hom Mali Rice, or as to the quality, purity, origin, sponsorship, or approval of Golden Star's goods or commercial activities.

53. Golden Star's improper actions are harmful to consumers and to Riviana and Riviana's hard-earned goodwill and reputation in the marketplace. Further, Golden Star's actions are willful and in intentional disregard for Riviana's rights. Such actions constitute unfair competition under the laws of the State of Texas.

54. By reason of the foregoing, Riviana has been and will continue to be irreparably harmed and damaged. Riviana's remedies at law, alone, are inadequate to fully compensate for this harm and damage. As a result, in addition to monetary damages for the harm caused by Golden Star's unfair competition, injunctive relief is also appropriate.

### CONCLUSION AND PRAYER

Golden Star has committed a fraud on Riviana and on the consumer by falsely naming and labeling its Thai Hom Mali Rice products, which do not meet the minimum standards for being called Thai Hom Mali Rice, much less for bearing the Thai Certification Mark for THAI HOM MALI RICE. Golden Star's fraud has benefitted Golden Star while irreparably harming both

Riviana and consumers.  Riviana seeks to quell Golden Star's ongoing deception and to recover all damages resulting from the harm that Golden Star has already caused.

                                  Respectfully submitted,

                                  **Locke Lord LLP**

By:        /s/ Janet E. Militello
      JANET E. MILITELLO
      Texas Bar No. 14051200
      Southern District No. 2681
      2800 JPMorgan Chase Tower
      600 Travis Street
      Houston, Texas  77002-3095
      (713) 226-1200
      (713) 223-3717 (fax)

      **ATTORNEY FOR PLAINTIFF RIVIANA FOODS INC.**

OF COUNSEL:
**Locke Lord LLP**
Brandon Renken
Texas Bar No. 24056197
Southern District No. 713645
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1131 (telephone)
(713) 229-2652 (facsimile)